McKinney, J.,
delivered the opinion of the Court.
This suit was commenced by Reaves against Wilson before a justice of the peace. The warrant is in debt. The case was taken by appeal from the justice’s judgment to the Circuit Court. On the trial in the Circuit Court, the defendant offered to set off against the plaintiff’s demand, first, a bill single for seventeen dollars and fifty cents, executed by Reaves, the plaintiff, to one Gill, and by the latter transferred to the defendant before the commencement of this suit; and, second, a judgment for twenty-four dollars, rendered by the justice of the peace in favor of one McClure against the plaintiff Reaves, which had likewise been assigned to the defendant Wilson prior to the institution of the present suit. The bill single was admitted as a set-off without objection; but the Court refused to admit the judgment, on the ground that a judg *175 ment “is not the subject of a set-off to an action.” And the question is, did the Court err in thus holding ?
In a treatise on the law of set-off, (Babington’s P., 69,) it is said, “ There is no doubt that a judgment obtained by the defendant prior to the commencement of the plaintiff’s action may be set off.” But if the judgment were recovered after the commencement of the action, it is now settled that it cannot be set off, though it was formerly held otherwise. In Evans vs. Prosser, 3 Term Rep., 186, it is laid down that a judgment may be pleaded as a set-off, notwithstanding the pendency of a writ of error. It is also settled that the pendency of an action for the debt offered to be set off will not defeat the right to set off such debt. 1 Chitty’s PL, (ed. of 1855,) page 571, and cases cited in note. And as persuasive evidence of the rule on this subject, it may be added, that the precise form of a plea of set-off or a judgment is given by Mr. Chitty, 3d vol., p. 934. See also Montague on Set-off, 36; Dougl. Rep., 112.
But if no direct authority could be found, it must upon principle be held that a judgment may be pleaded as a set-off. The nature or evidence of the debt offered to be set off cannot be at all material to the question.
If no other objection exists, it is wholly unimportant whether the debt be due on simple contract, or by note, bond, or judgment. The suggestion that a set-off is allowed instead of a cross action, and that the reason of the law ceases where the defendant has matured his claim into judgment, has no force in it. Nor is there any force in the objection that the judgment offered as a set-off in the present case is not in favor of the defendant.
Though a judgment is not negotiable, yet it may be *176 transferred so as to vest the assignee with a perfect equitable right, at least, to receive the money due thereon; 'and this is sufficient to entitle him to a set-off.
In this respect, the assignee of a judgment must he considered as standing on equal footing with the holder of a note or hill single, hy delivery, without written endorsement ; and it has been repeatedly-held that the latter is entitled to a set-off. 1 Swan’s Rep., 258; 2 lb., 645; 8 Humph., 46.
The judgment is erroneous, and will he reversed.